The next case on the calendar is United States v. Hill. Good morning, your honors. My name is Jonathan Edelstein from Edelstein and Grossman. I represent the defendant appellant Sean Hill. I would like to discuss first the denial of credit for acceptance of responsibility. And we certainly understand that acceptance of responsibility is not automatic for a plea of guilty, and it's not a blank check. However, it cannot be denied based on reasons that are, in the words of the Harris Court, which we cite in And in this case, the district court cited two reasons for denial of acceptance, and in its brief, the government has added one more, and are, we would submit that those are without foundation. Turning first to the Hartford incident, it's undisputed that at the time of this incident, the defendant was being in four-point restraints, being moved from suicide watch to behavioral monitoring, one mental health status to another. He does have a bona fide history of, you know, bona fide mental health history, as well as a history of addiction and abuse. The PSR cited certain unidentified, unnamed correction officers who believed that he might be manipulative. But when questioned by the court, the government admitted it had no evidence of that. And furthermore, the court itself said it's plausible that Mr. Hill might have been acting in a manipulative way, but certainly did not cite any evidence that he was, that this was anything other than a genuine mental health episode. The court then turned to the motion to withdraw the guilty plea, which, as I recall, was a one- or a two-page motion. And the case law cited in the briefs indicates that when someone moves to withdraw their guilty plea, it's inconsistent with acceptance of responsibility where it contains an assertion of innocence. This didn't contain an assertion of innocence. And in fact, the government, in its opposition to that motion, pointed out that it didn't contain an assertion of innocence. That's at page 203 of the appendix. But it did say that he said the government did not even have evidence by a preponderance standard to convict him on the drug charge. That doesn't sound like acceptance of responsibility to me. Well, an assertion that there is not legally sufficient evidence and an assertion of innocence are two different things. I appreciate that, but does that sound still like an acceptance of responsibility for his drug activities? Well, it's not a denial of his drug activities. It's simply stating that the government couldn't prove it without any elaboration. Doesn't he still have the burden of showing acceptance of responsibility? And I'm having trouble understanding how this supports his view that he's entitled to a reduction for acceptance of responsibility. You're just saying it doesn't harm his case for acceptance of responsibility. Well, it may not help his case for acceptance of responsibility, but I think that based on the case law that we've cited in the briefs, without something that's an outright denial or contradiction of the plea colloquy or an outright assertion of innocence, it's not fatal to his claim for acceptance of responsibility. Is that the argument, that if we look at the cases, it's only when the defendant outright asserts his innocence that the intent to withdraw a guilty plea is relevant to acceptance of responsibility? I mean, certainly the case law that we've cited in the briefs does point to that as the thing, you know, a motion to withdraw a plea is not automatically, does not automatically vitiate acceptance of responsibility. And what this court has looked to in the past is whether the motion did contain an assertion of innocence or, you know, a statement that the defendant did not commit the crimes that he was accused of. And finally, the government urges another reason in its brief, claiming that Mr. Hill minimized his conduct. If you look at page 307 of the appendix, that's page 62 of the sentencing transcript, this is not actually a reason specified by the district court for denying the credit. In the middle of the second paragraph of that page, the district court talks about the Hartford incident and the motion to withdraw, not about minimizing. But in any event, as we point out in the reply brief, the facts that the statements that the government claims to be minimizing are not actually false. And the government cites cases where a defendant commits perjury or denies conduct that he previously admitted to. And that's not the case here. And I would submit that it would be a very bad precedent to allow the defendant to be, to have acceptance of responsibility credit withdrawn for making essentially true statements about mitigating factors, even if those do mitigate his guilt. Do you want to address the district court's observations at the sentencing proceeding? I mean, there was a caution. I understand, you know, it's hard to read people's expression. But the district court said there doesn't seem any expression of sorrow or regret, any apology, any concern for the guards who he harmed or the victims of drug trafficking. Well, I think that Mr. Hill is a somewhat inarticulate person. He's pretty street. And I think that where he did express contrition was where he's talking about how, you know, he's going to go straight now. He has a job. He has a plan. He's going to live with his sister who he's going to take care of his family. And I think those are an expression of regret for criminal history and to move forward and be a good citizen. I think that he's not the kind of person who really thinks in the abstract about the harm of drug trafficking to society. I don't think he's at that level of articulation. But he certainly understood that he did wrong and he was stating that he didn't intend to continue doing wrong. Can I briefly discuss the supervised release conditions? Do you want to take one minute of your rebuttal time? I'll take one minute of my rebuttal time. That, first of all, we reject the government's contention that this was unpreserved. That when Mr. Hill said, I'm 39 and you're treating me like a child, it was an objection. I mean, maybe not the most precisely worded objection, but it was certainly conveyed the principle that he's an adult and the court is restricting his freedom as if he were a child. That it was too much. And we would submit also that particularly the halfway house condition was imposed by the court without considering that under the First Step Act, the nearly all defendants outside of categories that Mr. Hill is not in get four to six months, sometimes even more, of that transitional help at the end of their prison sentence. And the court didn't really articulate why he would need more transition than that, especially when he already has a home and a job lined up. I'll reserve for rebuttal, Your Honors. Morning, Your Honors. May it please the court. Tara Levens on behalf of the United States. Each of Mr. Hill's three arguments challenging his sentence should be rejected and the judgment below should be affirmed. He first challenges the district court's refusal to give credit for acceptance of responsibility, but the district court correctly exercised its discretion to deny credit and base that decision on three independently sufficient reasons. Hill's continued involvement in criminal conduct, his motion to withdraw the guilty plea, and his lack of remorse at sentencing. Each of those reasons amply supports the district court's decision. Next, Mr. Hill challenges the substantive reasonableness of the sentence, and for all of the reasons that Judge Shotney put on the record, that challenge also should be rejected. And finally, Mr. Hill challenges the district court's imposition of two supervised release conditions. First, the halfway house, which was to be followed by a second curfew for six months. Those conditions were reasonably related to the purposes of sentencing. They were aimed at reintegration and limiting Mr. Hill's criminal associations, as Judge Shotney stated on the record. And because the district court's decision on each of those three issues was well within the bounds of his discretion, the judgment should be affirmed, and unless the court has any questions. Could you address the attempt to withdraw the guilty plea? It is the case that an effort to withdraw a guilty plea is not automatically a reason to deny acceptance of responsibility credit. That's correct, Your Honor. I think this court has said, though, that it is a well-established ground for denying credit. That's the Hirsch case. But I would point, Your Honors, in addition to the remarks from the motion, the statement that Your Honor emphasized earlier about how the government didn't even have enough proof, in addition to that, Judge Shotney expounded further on the basis, the history leading up to the motion to withdraw. And what Judge Shotney focused on, on page 303 of the appendix, were additional statements that Mr. Hill had made to prior counsel in the case, where Mr. Hill said that his lawyer was supporting perjury and the AUSA was supporting perjury because they were aware Hill had not committed those acts as alleged. So that goes even further than just challenging the quantum of proof. It goes to saying that I did not commit those acts that the government is alleging I did. And so here, the motion to withdraw, short as it was, would still be an adequate basis for denying acceptance in this case. If there are no further questions, we ask that the judgment be affirmed. Your Honors, briefly, the statement that the government just pointed to was a statement made by the defendant to his attorney. It was not a declaration made in the motion. It was not a declaration made by the defendant in open court. We don't know the entire background of the conversation that led up to him saying that, whether he really meant it, whether it was just a statement of pique. Certainly, the fact that it was not included in the moving papers, and that was not submitted to the court as a reason to withdraw his plea, suggests that the defendant was not being serious about that. And we would submit that, you know, with that not being part of the motion, it really shouldn't be considered as an aspect of that motion which would vitiate acceptance of responsibility. If there are no further questions from the court, I'll rest on the briefs. Thank you both. We'll take the matter under advisement.